UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

HAROLD A. HABECK, II, #80545-083,

        Petitioner,

v.                                                         ACTION NO. 2:17cv256

UNITED STATES OF AMERICA,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter was brought by petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. It was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

The undersigned recommends that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

### I. STATEMENT OF THE CASE

**A.    Background**

Petitioner, Harold A. Habeck II ("Habeck"), is a federal prisoner convicted and sentenced in the Richmond Division of the United States District Court for the Eastern District of Virginia. No. 3:12cr75, ECF No. 48. On May 1, 2012, a federal grand jury indicted Habeck on charges of possession with intent to distribute 100 or more marijuana plants (count one), in violation of

Title 21, United States Code, Section 841(a)(1) and (b)(1)(B), and possession of multiple firearms in furtherance of a drug-trafficking crime (count two), in violation of Title 18, United States Code, Section 924(c). No. 3:12cr75, ECF No. 1. On July 24, 2012, Habeck entered a guilty plea to the narcotics charge in count one and, in a written statement of facts filed in support of the guilty plea, admitted that he knowingly and unlawfully possessed, among other things, 397 marijuana plants and marijuana packaged for distribution. No. 3:12cr75, ECF Nos. 15, 18.

Habeck exercised his right to go to trial on the firearms charge. No. 3:12cr75, ECF Nos. 30–34. Before trial, Habeck waived indictment and consented to the filing of a criminal information that substituted a slightly revised firearms charge alleging that Habeck possessed one or more of three firearms in furtherance of a drug-trafficking crime, in violation of Title 18, United States Code, Section 924(c). No. 3:12cr75, ECF No. 31, ECF No. 65 at 27 (discussing that the criminal information was filed to correct an error in count two of the indictment, which was later dismissed). At the conclusion of the trial held before U.S. District Judge John A. Gibney, Jr., a jury found Habeck guilty of the firearms charge on August 2, 2012. No. 3:12cr75, ECF No. 34.

The Court sentenced Habeck on October 24, 2012 and entered judgment on his convictions the next day. No. 3:12cr75, ECF No. 48. In recognition of the fact that both statutes of conviction called for mandatory minimum terms of imprisonment,[1] the Court sentenced

---

[1] Section 841(b)(1)(B)(vii) of Title 21, United States Code, requires that a person violating section 841(a) whose crime involved "100 or more marihuana plants . . . shall be sentenced to a term of imprisonment *which may not be less than 5 years* and not more than 40 years . . . ." 21 U.S.C. § 841(b)(1)(B)(vii) (emphasis added). Similarly, section 924(c)(1)(A) and (c)(1)(D)(ii) of Title 18, United States Code, provide that a person who possesses a firearm in furtherance of a

2

Habeck to serve 60 months on count one of the indictment and to a consecutive 60-month term on count one of the criminal information, for a total sentence of imprisonment of 120 months. *Id.* at 1–2.

On November 7, 2012, Habeck noted an appeal. No. 3:12cr75, ECF No. 50. On June 24, 2013, the United States Court of Appeals for the Fourth Circuit rejected Habeck's challenges to the sufficiency of the evidence and to the trial court's jury instructions for the firearms charge. *United States v. Habeck*, 530 F. App'x 241 (4th Cir. 2013). After the appellate court's mandate issued on July 16, 2013, No. 3:12cr75, ECF No. 64, and prior to the filing of the now pending section 2241 petition, Habeck presented no other filings seeking to further appeal or collaterally attack his conviction or sentence.

On May 11, 2017, petitioner filed a petition pursuant to 28 U.S.C. § 2241 in this Court.[2] ECF No. 1. By response dated November 28, 2017, the United States requested dismissal of the petition. ECF No. 9. Habeck filed a reply on December 14, 2017. ECF No. 10. The matter is now ripe for decision.

**B.    Ground Alleged**

Habeck alleges that the trial court's belief that it lacked authority to sentence him to less than 60 months for his narcotics conviction gave rise to a miscarriage of justice and, pursuant to the Supreme Court's recent decision in *Dean v. United States*, 137 S. Ct. 1170 (2017), he is

---

drug-trafficking crime shall "be sentenced to a term of imprisonment of *not less than 5 years*" and that such sentence may not be run "concurrently with any other term of imprisonment imposed . . . , including any term of imprisonment imposed for the . . . drug trafficking crime during which the firearm was . . . possessed." 18 U.S.C. § 924(c)(1)(A) (emphasis added), (c)(1)(D)(ii).

[2] The petition originally was conditionally filed, subject to defect, for failure to pay the filing fee. ECF No. 1. On June 29, 2017, Habeck paid the $5.00 filing fee. ECF No. 3.

3

entitled to be resentenced. ECF No. 1 at 6. Specifically, Habeck seeks issuance of a court order sentencing him to 30 months on the narcotics conviction, followed by a consecutive, 60-month sentence for the firearms conviction. *Id.* Habeck seeks to pursue this section 2241 claim pursuant to the "savings clause" of Title 28, United States Code, Section 2255(e). *Id.* at 1.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Habeck's petition challenges the lawfulness of the sentence imposed, rather than its execution. The proper mechanism for raising such a challenge is a motion pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) ("Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to [section] 2255."); *Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A 28 U.S.C. § 2255 petition attacks the legality of detention").

In spite of this, Habeck argues that the "savings clause" in 28 U.S.C. § 2255 allows him seek relief pursuant to section 2241 because the one-year time limit for filing for relief pursuant to section 2255 has expired and he will otherwise be unable to obtain relief. ECF No. 1 at 1–2; *see* 28 U.S.C. § 2255(f) (noting that "[a] 1-year period of limitation shall apply to a motion under this section"). Typically, a petition for a writ of habeas corpus under 28 U.S.C. § 2241 may be used only to challenge the manner in which a sentence is executed.[3] *Provenzale v. United States*, 388 F. App'x 285, 286 (4th Cir. 2010) ("A federal prisoner . . . who seeks to challenge the

---

[3] Habeck is currently incarcerated in federal prison in Glenville, West Virginia. ECF No. 1 at 6. For this reason, Habeck should have filed his section 2241 petition in the district of confinement. *See* 28 U.S.C. § 2241(a); *United States v. Poole*, 531 F.3d 263, 270–71 (4th Cir. 2008). For the reasons discussed below, however, transfer to that district is not appropriate due to the apparent lack of jurisdiction.

4

legality of his conviction or sentence generally must proceed pursuant to § 2255, with § 2241 petitions reserved for challenges to the execution of the prisoner's sentence."); *Vial*, 115 F.3d at 1194 n.5 ("[A]ttacks on the execution of a sentence are properly raised in a § 2241 petition."); *Bradshaw*, 86 F.3d at 166 ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."). However, the so-called "savings clause" in 28 U.S.C. § 2255(e) also provides an option for the federal prisoner to challenge the legality of his conviction by means of a section 2241 habeas petition.

> Section 2255(e) provides:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Access to relief pursuant to the savings clause is only available "in a limited number of circumstances," and "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Instead, Fourth Circuit precedent establishes that a section 2255 motion is inadequate and ineffective to test the legality of detention when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the petitioner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

5

*Id.* at 333–34. This test provides a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, has no source of redress. *Id.* at 333 n.3. A petitioner seeking to invoke the savings clause bears the burden of showing that a section 2255 motion is inadequate or ineffective. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) ("The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner.").

Habeck cannot satisfy this burden for the following reasons. First, as noted in his petition, he has never challenged the legality of his detention pursuant to section 2255. ECF No. 1 at 1. Leaving aside any questions concerning timeliness, Habeck retains the option to seek relief pursuant to section 2255 and that forecloses his request for relief pursuant to section 2241. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (holding that if a petitioner "had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change [in the law], a § 2241 motion is unavailable to him").

Second, Habeck also cannot show, in accordance with *Jones'* second prong, that due to a subsequent substantive change in the law, "the conduct of which the prisoner was convicted is deemed not to be criminal." *Jones*, 226 F.3d at 333–34. For example, in *Jones*, the defendant was convicted for the "use" of a firearm in connection with carrying a gun during and in relation to a drug-trafficking offense. *Id.* at 330. Later, however, the Supreme Court ruled in *Bailey v. United States*, 516 U.S. 137, 143–44 (1995) that "mere possession" of a firearm during and in relation to a drug-trafficking offense does not constitute "use" within the meaning of 18 U.S.C. § 924(c)(1). Therefore, the Fourth Circuit found that Jones was "incarcerated for conduct that is

not criminal." *Jones*, 226 F.3d at 334.

In this case, Habeck nowhere claims that a substantive change in the law has rendered lawful the conduct giving rise to either of his convictions. To the contrary, he asserts only that the Supreme Court's ruling in *Dean* entitles him to a new sentence on his narcotics conviction. ECF No. 1 at 6. In *Dean*, the Supreme Court ruled that, in the absence of a contrary statutory command, the authority conferred upon courts by the statutory sentencing factors and related provisions, *see* 18 U.S.C. §§ 3553(a), 3582(a), 3584(b), permits a trial court to consider a mandatory minimum sentence imposed pursuant to 18 U.S.C. § 924(c), when determining the appropriate sentence for a related, predicate offense. 137 S. Ct. at 1175–77. Thus, if it had chosen to do so, the trial court in *Dean* possessed the authority to sentence the defendant to a sentence of one day in jail for the other four counts of conviction, while also imposing a consecutive, mandatory minimum sentence of 30 years on the two section 924(c) counts of conviction. *Id.* at 1175, 1177 (stating that "[w]hether the sentence for the predicate offense is one day or one decade, a district court does not violate the terms of § 924(c) so long as it imposes the mandatory minimum 'in addition to' the sentence for the violent or drug trafficking crime").

In arguing that *Dean* entitles him to a lesser sentence on his narcotics conviction,[4]

---

[4] Although addressing the pending petition does not require resolution of the applicability of *Dean's* holding to Habeck's case, the matter is subject to doubt for at least three reasons. First, other courts have found that *Dean* is not retroactively applicable on collateral review based upon the criteria specified in *Teague v. Lane*, 489 U.S. 288, 311–16 (1989). *See, e.g., United States v. Taylor*, No. 7:17cv81229, 2017 WL 3381369, at *4 (W.D. Va. Aug. 4, 2017); *United States v. Adams*, No. 7:06cr00022-1, 2017 WL 2829704, at *2 (W.D. Va. July 29, 2017). Second, even if retroactive, unlike this case, it does not appear that the other predicate counts of conviction present in *Dean* required a mandatory minimum sentence. 137 S. Ct. at 1174–75. Third,

Habeck implicitly and quite correctly acknowledges that *Dean* in no way addresses or affects the viability of either his narcotics or firearms convictions, as required by the second prong of *Jones*. But in challenging only his sentence, Habeck falls prey to the Fourth Circuit's refusal to extend the reach of the savings clause to challenges to the validity of a sentence, as opposed to a conviction. *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) ("Because our cases have confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction, and because the only case from a sister circuit holding to the contrary has been vacated, we decline to extend the reach of § 2255's savings clause [to those petitioners challenging only their sentence]."); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."). For example, the Fourth Circuit has refused to allow petitioners to utilize section 2241 to challenge their designation as a career offender or the application of a sentence enhancement. *See Darden*, 426 F. App'x at 174 (refusing to extend the savings clause to petitioner's challenge of a sentence enhancement because the savings clause can only apply "to instances of actual innocence of the underlying offense of conviction"); *Little v. Hamidullah*, 177 F. App'x 375, 375–76 (4th Cir. 2006) (affirming the district court's determination that a federal prisoner could not utilize section 2241 to pursue a "claim[ ] that he was 'actually innocent' of being a career offender"); *Patterson v. Wilson*, No. 3:12cv66, 2013 WL 101544, at *2 (E.D. Va. Jan. 8, 2013), *aff'd*, 523 F. App'x 243 (4th Cir. 2013) (holding "[t]he Fourth Circuit's refusal to allow petitioners to utilize § 2241 to challenge a career offender designation applies with equal force to a challenge to an enhanced sentence under 21 U.S.C.

---

Congress has carefully circumscribed the authority of courts to impose sentences beneath mandatory minimum terms specified by statute. *See* 18 U.S.C. § 3553(e) and (f).

8

§ 851"); *Boynes v. Berkebile,* No. 5:10cv939, 2012 WL 1569563, at *6 (S.D.W. Va. May 1, 2012) (holding "the Fourth Circuit has not broadened the parameters of the analysis of the savings clause in *Jones* to encompass a challenge to a sentence based on a sentenc[ing] guideline enhancement or a claim of 'actual innocence' of a sentenc[ing] guideline enhancement"). Thus, Habeck's attempt to invoke the savings clause also fails by virtue of his failure to establish that his conduct of conviction has subsequently been deemed not to be criminal.

Accordingly, due to Habeck's failure to satisfy the predicates needed to invoke the savings clause as required by *Jones*, the Court lacks jurisdiction over his section 2241 petition and it is subject to dismissal without prejudice. *Galloway v. United States*, No. 2:16cv348, 2016 WL 8943463, at *2 (E.D. Va. Oct. 4, 2016), *aff'd as modified*, 685 F. App'x 181, 181 (4th Cir. 2017) (upholding a lower court's ruling that it lacked subject matter jurisdiction over defendant's claims under section 2241 due to failure to satisfy the *Jones* test, but modifying the dismissal to one without prejudice); *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits").

## III. <u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned recommends that Habeck's petition for a writ of habeas corpus be DENIED and DISMISSED without prejudice.

## IV. <u>REVIEW PROCEDURE</u>

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

9

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
February 8, 2018